UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CEDRIC HOSKINS                                                          PETITIONER

VERSUS                                          CIVIL ACTION NO. 3:14CV965-TSL-RHW

MDOC COMMISSIONER et al                                              RESPONDENTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

On December 16, 2014, Cedric Hoskins, proceeding *pro se* and *in forma pauperis*, filed a

28 U.S.C. § 2254 petition for writ of habeas corpus.  Doc. [1].  Hoskins pleaded guilty to

statutory rape in the Circuit Court of Rankin County.  On July 15, 2009, the court filed the

judgment of conviction and sentence.  Doc. [13-1].  In his petition, Hoskins contends that he was

forced into a guilty plea by illegal torture tactics.  Doc. [1] at 2, 7.  Respondents filed a motion to

dismiss in which they argue that Hoskins' § 2254 petition is untimely pursuant to the AEDPA's

one-year limitation period.  Doc. [13].  Hoskins did not file a response in opposition to the

motion; however, he previously filed a motion requesting that his probation be transferred to

another state's jurisdiction.  Doc. [10].

## LAW AND ANALYSIS

28 U.S.C. § 2244 provides, in relevant part, that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of
habeas corpus by a person in custody pursuant to the judgment of a State court.
The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion
of direct review or the expiration of the time for seeking such
review;

(B) the date on which the impediment to filing an application

created by State action in violation of the Constitution or the laws
of the United States is removed, if the applicant was prevented
from filing by such State action;

(C) the date on which the constitutional right was initially
recognized by the Supreme Court, if the right has been newly
recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence.

(2) The time during which a properly filed application for State post-conviction or
other collateral review with respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation under this subsection.

On July 15, 2009, the state circuit court entered a judgment of conviction and sentence

following Hoskins' guilty plea. Doc. [13-1]. By statute there is no direct appeal from a guilty

plea. *See* Miss. Code Ann. § 99-35-101. Accordingly, the conviction and sentence became final

on the date he was sentenced. *See Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003).

Unless the petition is subject to statutory or equitable tolling, Hoskins needed to file his § 2254

petition on or before July 15, 2010, in order to be timely under the AEDPA's one-year limitation

period. Hoskins signed the petition on December 10, 2014. It was filed in the clerk's office on

December 16, 2014. The undersigned concludes that Hoskins did not file his petition within one

year after his conviction and sentence became final. In fact Hoskins did not file the instant

§ 2254 petition until more than five years after the conviction and sentence became final.

Hoskins is not entitled to statutory tolling of the limitations period. A properly filed

application for post-conviction relief in state court will toll the one-year limitations period. 28

U.S.C. § 2244(d)(2). Hoskins filed a motion for post-conviction relief in Rankin County Circuit

Court on September 19, 2011.  Doc. [13-3].  He filed a second motion on September 9, 2013.

Doc. [13-6].  Both of these motions were denied by the trial court.  Doc. [13-4] & [13-7].  The

undersigned finds that these post-conviction motions do not toll the AEDPA's one-year limitation

period because they were filed after the one-year limitation period already had expired.

Accordingly, Hoskins is not entitled to any statutory tolling.

     Nor is Hoskins entitled to equitable tolling.  The Supreme Court has recognized that, in

appropriate cases, the limitations period may be equitably tolled.  *Holland v. Florida*, 130 S.Ct.

2549, 2560-62 (2010).  A petitioner is entitled to equitable tolling only if he shows (1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way

and prevented timely filing.  *Id.* at 2562.  Equitable tolling is available only in "rare and

exceptional circumstances".  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).  Hoskins

does not identify any extraordinary or rare and exceptional circumstances that would entitle him

to equitable tolling.  He alleges at several points in his petition that his case was dismissed by the

United States District Court because he could not pay the court costs.  Doc. [1] at 2, 6, 9, 13, 14.

Hoskins cites to a 42 U.S.C. § 1983 civil rights case that he filed.  *Id.* at 12 (citing 3:12CV106-

TSL-MTP).  In that lawsuit, he also alleged that he was forced into a guilty plea and argued that

his constitutional rights were violated.  *See Hoskins v. Emfinger*, 3:12cv106 (Doc. [1]).  As relief

he sought to have his conviction overturned.  *Id.*  District Judge Tom S. Lee dismissed the

complaint for failure to state a claim.  The undersigned notes that Hoskins also filed an earlier

§ 2254 petition on February 15, 2012, that District Judge Henry T. Wingate dismissed without

prejudice for failure to exhaust state remedies.  *See Hoskins v. Epps*, 3:12cv105.

     In the instant petition Hoskins alleges that his criminal defense attorney "sabotage my

paper work and refused to send my filed." Doc. [1] at 14. Hoskins does not provide any specific

allegations as to how his attorney sabotaged his paper work. Assuming *arguendo* that Hoskins'

attorney did not provide him a copy of the attorney's work file, Hoskins nevertheless was in

possession of the alleged facts that formed the basis of his petition from the very beginning, i.e.

that he was forced into a guilty plea by torture tactics. The undersigned concludes that Hoskins

has failed to demonstrate that he diligently pursued his rights or that some extraordinary or rare

and exceptional circumstance prevented a timely filing of his petition.

On February 3, 2015, Hoskins filed a "Motion for a Contingent Interstate Probation

Transfer." Doc. [10]. It appears that Hoskins seeks to have his probation served in some state

other than Mississippi. The undersigned finds that Hoskins request relates merely to the location

where he would serve out his probation and does not implicate the fact or duration of his

confinement; therefore, it is not the proper subject of a § 2254 petition. *See Carson v. Johnson*,

112 F.3d 818, 820-21 (5th Cir. 1997); *Bunn v. Conley*, 309 F.3d 1002, 1007-08 (7th Cir. 2009).

The undersigned recommends that this motion be denied.

### RECOMMENDATION

The undersigned recommends that Respondents' [13] Motion to Dismiss be GRANTED

and that Cedric Hoskins' 28 U.S.C. § 2254 petition for writ of habeas corpus be denied as time-

barred by the AEDPA's one-year limitations period. The undersigned further recommends that

Hoskins' [10] Motion for a Contingent Interstate Probation Transfer be DENIED.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must

serve and file written objections within fourteen (14) days after being served with a copy unless

the time period is modified by the District Court.  A party filing objections must specifically

identify those findings, conclusions and recommendations to which objections are being made;

the District Court need not consider frivolous, conclusive or general objections.  Such party shall

file the objections with the Clerk of the Court and serve the objections on the District Judge and

on all other parties.  A party's failure to file such objections to the proposed findings, conclusions

and recommendation contained in this report shall bar that party from a de novo determination by

the District Court.  Additionally, a party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in this report within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed **factual findings and legal conclusions** that have been

accepted by the district court and for which there is no written objection. *Douglass v. United*

*Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 10th day of April, 2015.


/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE